UNITED STATES DISTRICT COURT
WESTERN DISTRICT LOUISIANA
SHREVEPORT

| | | |
|---|---|---|
| **DAVID L. ANDRE, ET AL** | * | CIVIL ACTION NO. 5:11-CV-00610 |
| **VERSUS** | * | JUDGE TOM STAGG |
| **EXCO RESOURCES, INC., ET AL** | * | MAGISTRATE JUDGE HORNSBY |

**Order on Proposed Settlement and Conditional Settlement Class**

Upon reviewing the motion and memorandum recently filed by EXCO Resources, Inc. and EXCO Operating Company, LP ("EXCO") and the Plaintiffs (together the "Parties") and upon conferring with the Parties regarding the relief requested herein, the Court issues this order (1) Conditionally Certifying the Settlement Class; (2) Preliminarily Approving the Proposed Settlement; (3) Appointing Plaintiffs' Counsel as Class Counsel; (4) Approving the Form and Manner of Notice to Class Members; and (5) Scheduling a Fairness Hearing, as follows:

**I.   THE COURT FINDS AS FOLLOWS:**

1. The Plaintiffs filed, on their individual behalf and as alleged representatives of a purported class of affected persons, a lawsuit against EXCO alleging that, among other things, the Plaintiffs were damaged when a gas well (the "Well") being operated by EXCO failed or "blew-out" during drilling operations being carried out on April 18, 2010. The event at issue occurred in south Caddo Parish at a location near what is known as DeBroeck Landing. The lawsuit alleges that EXCO was negligent in operating the Well, and that the Well failure resulted in a mandatory evacuation of persons using water wells for residential or commercial use in certain neighborhoods and properties near the Well site. The evacuation

period varied for different areas.  The lawsuit further alleges that certain evacuated individuals or businesses may have incurred additional and unreimbursed living expenses and business expenses, or business interruption, during the evacuation period, including possible loss of business and other income.

       2.      The proposed Settlement Class includes persons owning, residing, or working at residences or businesses within 1.5 miles of the incident site that were subject to a mandatory evacuation for any period of time between April 18, 2010 and May 4, 2010.

       3.      EXCO denies any negligence or wrongdoing in connection with the events described and would vigorously defend against the Plaintiffs' allegations if necessary.

       4.      Prior to the filing of this lawsuit and without acknowledging any negligence, liability, or wrongdoing, EXCO initially and voluntarily paid over $420,000.00 to individuals and businesses evacuated during the relevant period of time, including paying compensation for expenses and losses that may have been caused by the alleged "blowout."  At that time, EXCO understood that it had fully compensated all persons arguably affected by the described event.  EXCO has also worked extensively with state and local agencies to address any environmental concerns, and continues to monitor for any problems.  No lingering adverse affects have been discovered.

       5.      All claims associated with any actual or potential impact to usable groundwater pursuant to La. R.S. § 30:2015.1 are reserved to the State of Louisiana, through the Louisiana Department of Environmental Quality, which continues to maintain jurisdiction over these claims.

6. The Parties have reached a tentative settlement as set forth in the proposed Stipulation and Settlement Agreement ("Settlement Agreement"), and a copy with signatures for all Parties is attached hereto as Exhibit 1.

7. The Parties propose to conditionally certify a "Settlement Class" that includes all persons and businesses:

   a. Owning or occupying a residence or business establishment located within 1.5 miles of the Well site at DeBroeck Landing, Caddo Parish, Louisiana, on April 18, 2010;

   b. Evacuated from a residence or prevented from accessing their business location following the failure or "blowout" on April 18, 2010 as described in the Plaintiffs' Complaint; and

   c. Who, as a result, incurred uncompensated losses or damages, including but not limited to increased living expenses, loss of use, loss of income, loss of business opportunity, business interruption, and compensable emotional stress and mental anguish.

8. The proposed Settlement Class does not include persons who did not evacuate or who were not required to evacuate their residence or business during the relevant period, or whose business was not affected by the described event during the relevant period of time.

9. The Parties have agreed that EXCO will be given credit for the $420,000.00 previously paid out and will pay an additional sum of $135,000.00 ("Additional Benefit Amount") to be distributed to qualifying Settlement Class members pursuant to the proposed Settlement Agreement.

10. The claims process will be jointly administered by the Class Counsel for Plaintiffs and by EXCO, with distributions made to qualifying Settlement Class members according to the following process, as described in more detail in the preceding Motion and proposed Class Notice:

> Payments will be made to Settlement Class members on a per property basis, whereby single payments will be made for the benefit of all Settlement Class members who constitute owners, residents, tenants, or otherwise affected persons with respect to each specific residence or business location (defined as a "Property") affected by the mandatory evacuation commencing on a April 18, 2010 (the "Evacuation").
>
> The portion of the Additional Benefit Amount allocated and paid out to Settlement Class Members for the benefit of each Property will be determined by a multi-step process, as follows:
>
> a. All Settlement Class members will be separated into one of three different Categories, based on the duration of any Evacuation for the related Property. The proposed Categories are as follows:
>
>   i. Category 1 = Properties evacuated for 5 days or less.
>
>   ii. Category 2 = Properties evacuated for 6-9 days.
>
>   iii. Category 3 = Properties evacuated for more than 9 days.
>
> b. First, payments will be made to Settlement Class members in connection with Properties for which no compensation was paid out by or on behalf of EXCO prior to the filing of the Action (defined as the "Previously Uncompensated Class Members"). Such payments will be made in the total amount necessary to equal the approximate average total payment made by EXCO before this lawsuit was filed to other Settlement Class members for similarly situated Properties. The Parties agree that total pre-Action payments made by EXCO in connection with Properties owned by known Settlement Class members averaged approximately as follows:
>
>   i. Category 1 Properties  =  $1,225
>
>   ii. Category 2 Properties  =  $5,500
>
>   iii. Category 3 Properties  = $10,000

4

c.  Then, payments will be made from the remaining Additional Benefit Amount as follows:

   i.  Attorneys' fees to Settlement Class Counsel, not to exceed the total amount of $30,000.

   ii. Expert fees and costs to experts utilized by Settlement Class Counsel, and any attorney costs incurred by Settlement Class Counsel, not to exceed the total amount of $30,000.

   iii. All Court approved, Enhancement Awards awarded to the representative Plaintiffs, not to exceed the total amount of $10,000.

d.  Finally, the remaining Additional Benefit Amount will be allocated among all Settlement Class members according to their Category, with the amount allocated for each Category to be distributed equally among the Settlement Class members in such Category. The remaining Additional Benefit Amount will be allocated among the Categories as follows:

   i.   Category 1 =  22%

   ii.  Category 2 =  75%

   iii. Category 3 =   3%

The noted averages were determined by reviewing amounts paid out by EXCO prior to the filing of this Action and determining what portion of that total amount was paid out in connection with Properties falling within the noted Categories. The total amounts paid out for all Properties within a particular category were then used to determine a percentage of the payout for each Category. That percentage is reflected above, and will be used for the allocation of Additional Benefit Amount funds remaining available for distribution.

e.  Using the process described above, the Parties anticipate that all Settlement Class members will receive additional compensation in a total amount equal to others in their Category with respect to each underlying Property. The Parties anticipate that the Settlement Class members associated with each Property will receive a total additional amount, from the Additional Benefit Amount estimated to be at least as follows:

5

      i. Category 1 = $90.00 for each Property.
(With an estimated $6,600 distributed to all of Category 1.)

      ii. Category 2 = $400.00 for each Property.
(With an estimated $22,500 distributed to all of Category 2.)

      iii. Category 3 = $900.00 for each Property.
(With an estimated $900 distributed to all of Category 3.)

The estimated total amount of any Additional Benefit Amount paid out to any particular Settlement Class Member, by Property, as stated above, is not a precise calculation, and may vary in practice – except that all Settlement Class members in a particular Category will receive identical, additional payments. The number of Previously Uncompensated Class Members making claims will have a substantial affect on the final distribution amounts.

11. The proposed conditional Settlement Class is entitled to certification pursuant to Federal Rule of Civil Procedure 23(a)-(b) because:

    a. The class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the class;

    c. The claims of the representative parties are typical of the claims of the class;

    d. The representative parties will fairly and adequately protect the interests of the class; and

    e. The questions of law or fact common to the class predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Plaintiffs may, as necessary, file a separate memorandum in support of the request for class certification.

12. The proposed class settlement is superior to any other method available to fairly, adequately, and efficiently resolve the Settlement Class members' claims. Absent a class

action, most Settlement Class members would find the cost of litigating their individual claims to be prohibitive and such multiple individual actions would be judicially inefficient.

13. The Parties have conducted significant fact investigation and informal discovery in this matter.

14. The proposed Class Notice complies with Federal Rule of Civil Procedure 23(c)(2)(b), by clearly and precisely stating in plain, easily understood language as follows:

   a. The nature of the lawsuit;

   b. The definition of the Settlement Class to be certified;

   c. The class claims, issues, and defenses;

   d. That a Settlement Class member may object to the proposed settlement and may enter an appearance through an attorney if the member so desires;

   e. That the Court will exclude from the Settlement Class any member properly and timely requesting an exclusion;

   f. The time and manner for requesting an exclusion; and

   g. The affect of the class judgment on members of the Settlement Class under Federal Rule of Civil Procedure 23(c)(3).

15. The Class Notice also provides the proposed Settlement Class members with sufficient instructions and complies with Federal Rule of Civil Procedure 23(e) by providing notice of the proposed settlement in a reasonable manner to all likely Settlement Class Members who would be bound by the proposed settlement and with Federal Rule of Civil Procedure 23(h) by providing notice of the claim for attorneys' fees.  The proposed notice to the Settlement Class further describes the manner of determining the settlement proceeds that each Settlement Class member will receive, instructs Settlement Class members where and when any

claim form should be submitted, and notifies Settlement Class members of the date and time of the Fairness Hearing. The proposed Settlement Class members are specifically instructed how to provide any information necessary for processing claims not already recognized between the Parties.

        16.     Proposed Settlement Class Counsel meet with the requirements of Federal Rule of Civil Procedure 23(g) because the proposed attorneys:

    a.    Provided significant time and effort in preparing, litigating, and negotiating these claims;

    b.    Provided substantial experience and knowledge with respect to handling class action lawsuits and other complex litigation;

    c.    Provided adequate knowledge of the law as applicable to this lawsuit; and

    d.    Provided and continue to provide adequate resources to represent the proposed class.

## II.    IT IS THEREFOR ORDERED THAT:

        1.     The proposed Settlement Class is conditionally certified as a settlement-only class, pending a final Fairness Hearing on the proposed settlement and related issues.

        2.     The proposed Settlement Agreement is conditionally approved, pending a final Fairness Hearing on the proposed settlement and related issues.

        3.     The final Fairness Hearing will be held on **November 4, 2013**, a date at least 120 days after the date this Order is executed and entered.

        4.     The proposed Class Notice is approved.

        5.     With respect to notice to potential Settlement Class members:

    a.    A copy of the approved Class Notice will be sent to the potential Settlement Class members identified by the Parties within 15 days of entry of this Order.

    b. A publicly available web page will be created with information substantially similar to the Class Notice, and which will provide access to a copy of the Claim Form.

    c. A summary version of key information in the approved Class Notice will be included in the Shreveport Times or a newspaper with similar geographic distribution at least once after the entry of this Order, but not later than 90 days prior to the Fairness Hearing.

6. Within 90 days prior to any Fairness Hearing, any necessary state or federal officials will be provided with notice of the proposed settlement and agreements related thereto.

7. Settlement Class Counsel are approved as follows:

    a. T. Taylor Townsend
       KELLY & TOWNSEND, LLC
       P.O. Box 756
       Natchitoches, LA 71458-0756

    b. Alexander J. Mijalis
       LUNN IRION SALLEY CARLISLE
       330 Marshall Street, Suite 500
       Shreveport, LA 71101

    c. J. Chris Guillet
       CORKEN, CREWS & GUILLET, LLC
       616 Front Street
       Natchitoches, LA 71457

    d. N. Frank Elliot III,
       N. FRANK ELLIOT III, LLC
       Post Office Box 3065
       Lake Charles, LA 70602

8. Any additional brief or materials regarding the proposed Settlement Class Counsel's fees and costs, pursuant to Federal Rule of Civil Procedure 23(h), will be filed with this Court at least 14 days before the scheduled Fairness Hearing, including any itemized statement of the time and the expense incurred by proposed Settlement Class Counsel.

9. Notice of the request for attorneys' fees is being provided to the proposed Settlement Class in the Class Notice.

10. At least 14 days before the Fairness Hearing, the proposed Settlement Class representatives, being the named Plaintiffs herein, will apply to the Court for any proposed alterations in the payment of enhanced awards for their respective diligence in representing the class. EXCO has stated an intent to approve the enhanced awards described in the proposed Settlement Agreement without objection, but must file any objections at least 7 days before the Fairness Hearing.

11. All persons who wish to be excluded from the proposed Settlement Class must submit a written request to be excluded, as directed in the proposed Class Notice, postmarked no later than **September 20, 2013** (45 days before the Fairness Hearing). Such a request must clearly indicate an intent to be excluded from the Settlement Class and must include the person's name, current address, and signature. All requests to be excluded from the Settlement Class must be provided by mail as directed in the Class Notice, and will not be accepted by telephone, facsimile, or by email. Any letter making such request must be signed by the party seeking exclusion from the class and must contain a specific request to be excluded. Requests will not be accepted to the extent they are executed by a proposed agent or attorney acting on behalf of the Settlement Class member.

12. No named Plaintiffs or Representative Plaintiffs will be excluded from the Settlement Class.

13. During the period for submitting exclusion requests, the Parties will compile and exchange, as necessary, copies of all requests made for exclusion or a detailed

summary of all such requests. The Parties will also come to an agreement as to whether any of the received requests are invalid or improper for any particular reasons, with the Court having final authority on any such issues.

14. All objections to the proposed settlement must be made in writing and mailed to the Court, counsel for the proposed class, and counsel for EXCO, no later than **September 10, 2013** (55 days before Fairness Hearing). Each statement of objection must include at least the following:

   a. The name of this lawsuit, An*dre v. EXCO Resources, Inc. and EXCO Operating Company, LP*, Case No. 11-00610 (Western District of Louisiana, Shreveport Division);
   b. Full name, current address and telephone number of objector;
   c. The reasons for objecting to the proposed settlement; and
   d. Signature of objector.

15. Any proposed Settlement Class members who fail to comply with the provisions stated herein and in the Class Notice with respect to lodging an objection thereby waive and forfeit any and all rights to be heard at the Fairness Hearing and shall be bound by all proceedings, orders, and judgments issued in this lawsuit. The Court's decision as to whether any Settlement Class member wishing to object has complied, or must comply, with these provisions concerning objections will be final, binding, and non-appealable.

16. Nothing in the Joint Motion, any supporting briefs, or the Settlement Agreement constitutes an admission by any Party.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of July, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

11

1843023-1

Respectfully Submitted by:

BRADLEY MURCHISON KELLY & SHEA LLC

By: _____/s Leland G. Horton_____
(T.A.) Joseph L. Shea, Jr. (La. Bar No. 11990)
F. John Reeks, Jr. (La. Bar No. 11134)
Leland G. Horton (La. Bar No. 26928)
Tenth Floor, Louisiana Tower
401 Edwards Street
Shreveport, LA 71101-5529
Telephone 318.227.1131
Facsimile 318.227.1141

- - For EXCO Resources, Inc. and EXCO Operating Company, LP


(T.A.) T. Taylor Townsend
KELLY & TOWNSEND, LLC
P.O. Box 756
Natchitoches, LA 71458-0756

Alexander J. Mijalis
LUNN IRION SALLEY CARLISLE
330 Marshall Street, Suite 500
Shreveport, LA 71101

J. Chris Guillet
CORKEN, CREWS & GUILLET, LLC
616 Front Street
Natchitoches, LA 71457

_____/s N. Frank Elliot III_____
N. Frank Elliot III,
N. Frank Elliot III, LLC
Post Office Box 3065
Lake Charles, LA 70602

--- Attorneys for David L. Andre, individually and on behalf of all other similarly situated persons