
RECEIVED
NOV 12 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT LOUISIANA
SHREVEPORT

| | | |
|---|---|---|
| DAVID L. ANDRE, ET AL | * | CIVIL ACTION NO. 5:11-CV-00610 |
| VERSUS | * | JUDGE TOM STAGG |
| EXCO RESOURCES, INC., ET AL | * | MAGISTRATE JUDGE HORNSBY |

**FINAL ORDER AND JUDGMENT CERTIFYING THE CLASS
FOR PURPOSES OF SETTLEMENT, APPROVING OF CLASS ACTION
SETTLEMENT, AND DISMISSING THE ACTION WITH PREJUDICE**

A Fairness Hearing was held before this Court on November 4, 2013 to consider, among other things, whether the Stipulation and Settlement Agreement (the "Agreement") negotiated and agreed upon by EXCO Resources, Inc. and EXCO Operating Company, LP (together "EXCO") and the Plaintiffs (collectively the "Parties") and dated as of May 23, 2013, represents a fair, reasonable and adequate compromise of the Action and the amount to be paid to Settlement Class Counsel as fees and litigation costs.

Having considered the evidence and argument submitted by the Parties,

**FOR GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used in this Judgment will have the same meanings as set forth in the Agreement, unless otherwise defined herein.

2.  This Court has jurisdiction over the subject matter of this action, the Settlement Class Representatives, the Settlement Class, and EXCO. Venue is proper in this district.

3.  The Joint Motion for Final Approval of Proposed Settlement, Settlement Class, and Other Related Relief seeking entry of a Final Judgment and Order of Dismissal is GRANTED.

4. The Court finds that the Agreement is the product of good faith arms' length negotiations by the Parties, each of whom was represented by experienced counsel. The Court finds that the class proposed for purposes of the settlement meets the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), and hereby certifies a class for settlement purposes (the "Class" or "Settlement Class") as follows:

> All persons and businesses:
>
> > a. Owning or occupying a residence or business establishment located within 1.5 miles of the Well site at DeBroeck Landing, Caddo Parish, Louisiana, on April 18, 2010;
> >
> > b. Evacuated from a residence or prevented from accessing their business location following the failure or "blowout" on April 18, 2010 as described in the Plaintiffs' Complaint; and
> >
> > c. Who, as a result, incurred uncompensated losses or damages, including but not limited to increased living expenses, loss of use, loss of income, loss of business opportunity, business interruption, and compensable emotional stress and mental anguish.
>
> The proposed Settlement Class does not include persons who did not evacuate or who were not required to evacuate their residence or business during the relevant period, or whose business was not affected by the described event during the relevant period of time.

5. Specifically, the Court finds that the Class described above satisfies Fed. R. Civ. P. 23(a) and Rule 23 (b)(3) for settlement purposes:

> **Rule 23(a)**
>
> (a) <u>Numerosity</u>: Numerosity is established in that the size of the proposed class is sufficiently large to make joinder impractical, given the relevant circumstances. Fed. R. Civ. P. 23(a); *see, e.g., Turner v. Murphy Oil USA, Inc.*, 234 F.R.D. 597 (E.D. La. 2006) (finding numerosity requirement met in class action suit arising from post-Hurricane Katrina oil spill where class members were dispersed throughout the country and the number of impacted properties exceeded 1,800). In this settlement, the proposed class encompasses over 135 persons affected by the underlying blowout event and evacuation. Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b) <u>Commonality</u>: The commonality requirement is met when "all of the class member's claims depend on a common issue of law or fact whose resolution will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551, (2011). Here, there are many common questions of law and fact. Here, there are several common questions of law that are central to the Settlement Class Members' claims, including whether any wrongdoing or negligence has occurred and whether the facts are suggestive of any damages. These common questions satisfy Rule 23(a)(2)'s commonality requirement.

(c) <u>Typicality</u>: The Settlement Class Representatives' claims arise from the same course of conduct and share the same legal theory as the claims of the Class Members. Furthermore, the Settlement Class Representatives will advance the interests of all Settlement Class Members. The Settlement Class Representatives' claims are typical of those of the proposed Settlement Class and satisfy Rule 23(a)(3).

(d) <u>Adequacy</u>: The Settlement Class Representatives asserts claims representatives of the claims of the Class with regard to claims arising out of the blowout event and evacuation. As such, even though the claims may not be identical to every claim of every putative Class Member, the Settlement Class Representatives can adequately represent the putative Class.

The adequacy factor also considers Settlement Class Counsel. In this case, Settlement Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

**Rule 23(b)(3)**

Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure 23(b)(3) provides that a class action can be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individuals, and the class action mechanism is superior to the other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3); *Steering Committee v. Exxon Mobil Corp.*, 461 F.3d 598, 601 (5th Cir. 2006). In this case and in the context of the proposed settlement, common issues of fact and law predominate. With respect to the Class, common questions of fact and law predominate over the questions affecting only individual Class Members, particularly with respect to matters of alleged negligence and damages associated with the blowout event and evacuation relief sought by the Class.

In addition, the instant class action is superior to any other method available to fairly, adequately, and efficiently resolve the class members' claims. Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and such multiple individual actions would be judicially inefficient. Also, because the Parties have agreed to settle the action, the Court need not consider issues of manageability relating to trial. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether

3

the case, if tried, would present intractable management problems, for the proposal is that there be no trial"). Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.

6. The Court makes the findings set forth above regarding certification of the Class only for the purposes of settlement.

7. As part of the Agreement, the Settlement Class Members are forever releasing and discharging any claims for monetary damages of any type, whether compensatory, restitutionary, punitive or otherwise, as set forth in the Agreement and that the Settlement Class Members will be forever bound by this Final Order and Judgment including for the Released Claims as against the Released Entities. The Court finds that this relief is enforceable and binding on the Settlement Class and satisfies the right of due process under the provisions of Rule 23(b)(3) because this Court provided to the Class notice of the proposed settlement and the right of Class Members to exclude themselves from the Class pursuant to the Court's plenary powers under Rule 23(d)(2) and 23(d)(5).

8. The Court reconfirms the appointment of the Settlement Class Representatives.

9. The Court reconfirms the appointment of N. Frank Elliot III; T. Taylor Townsend; Alexander J. Mijalis; and J. Chris Guillet as Settlement Class Counsel.

10. The Court reconfirms that the Parties, through Settlement Class Counsel, shall function as claims administrators and work together to distribute the Settlement Funds in accordance with the provisions in the Agreement, and that a Settlement Administrator may be hired at a later time by the mutual agreement of the Parties as necessary.

11. The Court approves the Agreement, on file with the Court as Exhibit 1 to the Memorandum Supporting Joint Motion for an Order (1) Conditionally Certifying the Settlement Class; (2) Preliminarily Approving the Proposed Settlement; (3) Appointing Plaintiffs' Counsel as Class Counsel; (4) Approving the Form and Manner of Notice to Class Members; and (5)

Scheduling a Fairness Hearing, as being fair, adequate, and reasonable and in the best interests of the Class, satisfying Rule 23(e) and the fairness and adequacy factors of this Circuit. In particular, the Court finds that:

### Fairness, Adequacy, and Reasonableness of the Proposed Settlement:

The Court finds that the Agreement is fair, adequate, and reasonable. The facts and circumstances of the negotiations set forth in counsels' declarations and papers demonstrate that there has been considerable arms' length bargaining in this case. Under Fifth Circuit law, "[t]he gravamen of an approvable proposed settlement is that it be 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004). The following factors must be considered: "(1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs' prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members." *Id.* The Fifth Circuit has further stated that "formal discovery is not necessary as long as (1) the interests of the class are not prejudiced by the settlement negotiations and (2) there are substantial factual bases on which to premise settlement." *Id.* at 306.

1. Comparison of Settlement With Likely Result of Litigation:

Although Class Members have asserted their confidence in the strength of their case, this is complex litigation for which the outcome is uncertain and unpredictable. Even if the Settlement Class Representatives could succeed in certifying a class, Class Members would have to succeed on several complex and hotly disputed legal and factual issues. The relief contemplated in the Agreement is fair, adequate, and reasonable.

2. Reaction of the Class to the Settlement:

Class Members had until August 23, 2013 to opt-out of the Class and August 14, 2013 to object. As a result of the extensive notice program ordered by the Court, there have been no opt-outs and no objections filed with the Court.

In addition, the Notice Administrator received 3 completed new claim forms, which were made available on the settlement website for Class Members who did not receive the Settlement Notice.

3. State of the Litigation:

For an extended period of time, Settlement Class Counsel engaged in informal discovery and investigation, and such work has generated significant information about the prospects for success in this litigation, including expert analysis. On the other hand, although there has been extensive formal and informal discovery to ensure that the settlement is fair, adequate, and reasonable, there remains substantial litigation ahead, including additional motion practice, trial preparation, and the trial itself. Indeed, litigation of this complex case through trial would be very expensive. Given that the Parties have undertaken sufficient discovery to ensure the fairness, reasonableness, and adequacy of the settlement, expenditure

of these resources would be wasteful and unnecessary. The state of the litigation therefore weighs in favor of approval of the settlement.

4. <u>Quality of Counsel</u>:

Settlement Class Counsel are very well-qualified and experienced. Settlement Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The experience and skill of all counsel involved weighs in favor of final approval of this settlement.

5. <u>Conduct of Negotiations</u>:

Settlement Class Counsel and EXCO's Counsel have engaged in extensive, arms-length negotiations. The complexity and duration of these negotiations weighs in favor of final approval of this settlement.

6. <u>Case Prospects, Including Risk, Complexity, Expense, and Duration</u>:

Litigation has the potential to impose enormous costs on all of the Parties. Indeed, although the ultimate result of motions for class certification and trial cannot be foreseen, absent a settlement, an expensive, complex and time-consuming process is assured. In light of the high stakes involved, a lengthy and costly appeal is certain to follow regardless of the outcome at trial. Thus, the complexity, expense and likely duration of the litigation weighs heavily in favor of final approval of this settlement.

12. The Court finds that the notification provided for in the order preliminarily approving class settlement has been provided to the Class and that the notice provided to the Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law. The notice provided to the Class apprised the Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Class under the Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that

all members of the Settlement Class are bound by this Judgment in accordance with the terms provided herein.

13. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case.

14. The "Released Claims" (as defined below) of any and all Settlement Class Members are HEREBY DISMISSED WITH PREJUDICE against all "Released Entities" (as defined below):

> "Released Claims" means any and all known or unknown claims, demands, actions, suits, causes of action (under the common, or civil law, statutes, or regulations), damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory whatsoever, including costs, expenses, penalties and attorneys' fees, in law or equity, that any Releasor, whether or not they object to the Settlement, ever had or now has, directly, representatively, derivatively or in any capacity, arising out of any conduct, events, actions, or omissions, or transactions of the Released Entities related in any way to any alleged damage, destruction, or harm to real or personal property, alleged additional living or business expenses, emotional distress or mental anguish, alleged losses of business or other income in the State of Louisiana, or any liability of any kind as a result of EXCO's well failure or "blow-out" near DeBroeck Landing, Caddo Parish, Louisiana, beginning on April 18, 2010.
>
> "Released Entities" means EXCO Resources, Inc. and EXCO Operating Company, LP, their parent companies, general partners, limited partners, subsidiaries, affiliates, insurers, working interest owners, and joint venture partners, and their past, present, and future officers, directors, trustees, employees, agents, attorneys, shareholders, predecessors, successors, and assigns.

15. By entry of this Final Order and Judgment, each Settlement Class Member, and all other persons and entities claiming by, through, or on behalf of, a Settlement Class Member, are hereby forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Entities with respect to the Released Claims and forever discharge and hold harmless the Released Entities of and from any and all Released Claims which the Settlement Class Member has or may hereafter have.

16. The terms of the Agreement, this Final Order and Judgment, and the Preliminary Approval Order shall be binding on the Parties and all Settlement Class Members, as well as their heirs, executors, administrators, and successors and shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons.

17. Within thirty (30) days following the Effective Date, EXCO shall pay the Settlement Funds to Settlement Class Counsel for distribution only in accordance with the Agreement.

18. Having reviewed the submissions of Settlement Class Counsel, the Court finds that any sum up to and including $30,000 is reasonable compensation for Settlement Class Counsel's attorneys' fees and expenses. This sum may be paid to Settlement Class Counsel from the Settlement Funds.

19. Neither this Judgment nor the Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission or concession by EXCO of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission by Plaintiffs as to any lack of merit of the claims or this Action.

20. If the Agreement is terminated prior to completion of any distribution of Settlement Funds in accordance with the Agreement, (a) the Agreement shall have no effect on the rights of the Parties or the Class Members to prosecute or defend any other action, and (b) subject expressly to the reservation and preservation of rights and defenses and all Parties and Class Members shall be restored to their respective positions immediately prior to the date the Parties signed the Agreement. In such event, the Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to

the Parties, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law.

21. The Agreement and any evidence introduced at the Final Approval Hearing, or in connection with any related motion, and all negotiations, proceedings, documents prepared and statements made in connection herewith, shall be without prejudice to Plaintiffs and EXCO, and shall not (i) be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law; (ii) constitute, be construed as, or be admissible as evidence of an admission by or against any person, including any of the Plaintiffs or EXCO, that this Action or any other proposed or certified class action, can be or is properly certified for trial or litigation purposes under Article 591, *et seq.*, of the Louisiana Code of Civil Procedure, Rule 23 of the Federal Rules of Civil Procedure, or any similar statute or rule; (iii) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of EXCO, or (iv) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

22. If the Agreement becomes void or is terminated for any reason, any amounts then remaining of the Settlement Funds shall be paid to EXCO within fifteen days of the event voiding or terminating the Agreement.

23. Prior to this Final Order and Judgment becoming a Final Judgment, the Agreement may, with approval of the Court, be modified by written agreement of EXCO's Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications are not materially adverse to the Class.

24. Subsequent to this Final Order and Judgment becoming a Final Judgment, the Agreement may, with approval of the Court, be modified by written agreement of EXCO's Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Class, provided that such modifications do not limit the rights of the Class Members under the Agreement.

25. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the settlement in this case and this Final Order.

26. FINAL JUDGMENT is hereby ENTERED directing the Parties to comply with the terms of the Agreement as herein described.

27. FINAL JUDGMENT is hereby ENTERED dismissing with prejudice all Released Claims of the Settlement Class against all Released Entities as herein described and dismissing EXCO from this Action.

28. Pursuant to FRCP 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Order. Accordingly, this Final Order and Judgment is immediately appealable.

IT IS SO ORDERED.

SHREVEPORT, LOUISIANA, this 12th day of November, 2013

THE HONORABLE TOM STAGG
UNITED STATES DISTRICT JUDGE

10

1846751-1